```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF INDIANA
                            SOUTH BEND DIVISION
```

DAMON COLLINS,                )
                              )
Petitioner,                   )
                              )
vs.                           )   CAUSE NO. 3:13-CV-1363
                              )
SUPERINTENDENT,               )
                              )
Respondent.                   )

## OPINION AND ORDER

This matter is before the Court on the habeas petition challenging a prison disciplinary proceeding, filed by Damon Collins, a *pro se* prisoner, on December 13, 2013 (DE #1). The respondent moves to dismiss the petition as moot. (DE #8.) For the reasons set forth below, the respondent's motion (DE #8) is **GRANTED**, and the petition (DE #1) is **DISMISSED**.

BACKGROUND

In WCC #13-06-0577, Collins was found guilty of possessing a cell phone. (DE #8-2.) On December 13, 2013, he filed a federal petition pursuant to 28 U.S.C. § 2254 challenging the guilty finding. (DE #1). After he filed the petition, the Indiana Department of Correction ("IDOC") final reviewing authority decided to vacate the disciplinary conviction and remand the case for a new hearing. (DE #8-1.) Based on the IDOC's action, the respondent moves to dismiss the petition as moot. (DE #8.)

DISCUSSION

As the respondent points out, the guilty finding Collins challenged in his petition has been vacated; thus, the petition has become moot. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prison disciplinary conviction can be challenged in a federal habeas proceeding only if it lengthened the duration of the petitioner's confinement); *see also Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006) ("For a case to be justiciable, a live controversy must continue to exist at all stages of review, not simply on the date the action was initiated.").

Collins has filed an objection to the motion. (DE #14.) He suggests that by vacating the conviction, the respondent engaged in an improper legal maneuver intended to deprive him of his right to judicial review. Regardless of the respondent's motives for vacating the conviction, the applicable law provides that Collins cannot pursue habeas relief in connection with a disciplinary proceeding unless it lengthened his sentence. *See Hadley*, 341 F.3d at 664. The results of the original hearing were vacated, and so by definition that conviction could not have lengthened his sentence.

Collins also complains that a new hearing was held in June

2014 and he was again found guilty of possessing a cell phone. To the extent he is arguing that this violated his double jeopardy rights, his argument is unavailing, since double jeopardy principles do not apply in the prison disciplinary context. *See Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996). Accordingly, the petition will be dismissed. If Collins believes his due process rights were violated at the rehearing, he is free to file a new petition challenging that hearing after exhausting his available administrative remedies.

CONCLUSION

For the reasons set forth above, the respondent's motion (DE #8) is **GRANTED**, and the petition (DE #1) is **DISMISSED**.

**DATED: July 30, 2014**       /s/ RUDY LOZANO, Judge
                               **United States District Court**